IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 OCT 15 P 4: 22

CLERK
SO. DIST. OF GA.

UNITED STATES OF AMERICA,

v.

CASE NO.: CR213-033

MAKO LEE JONES

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Mako Jones has filed a Motion to Dismiss the Indictment and Alternative Motion for a Bill of Particulars. The United States of America filed its responses.

### DISCUSSION AND CITATION OF AUTHORITY

I. **Dismiss Indictment**

Defendant contends that he has not been charged with shipping, transporting, or receiving a firearm pursuant to 18 U.S.C. § 922(g)(1). Defendant contends that he has been charged with possessing a firearm in and affecting commerce, which is facially unconstitutional, or, at the very least, as applied to him because the charge exceeds Congress' authority under the Commerce Clause.

Section 922(g)(1) provides:

It shall be unlawful for any person–

who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in

interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Pursuant to the Commerce Clause, Congress can regulate three broad categories of conduct: the use of channels of interstate commerce; the instrumentalities of interstate commerce, or persons or things in interstate commerce, even if the threat arises solely from intrastate activities; and activities that have a "substantial relation to interstate commerce." United States v. Lopez, 514 U.S. 549, 558-59 (1995).

In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q), the Gun-Free School Zones Act, and determined that making it a federal offense for any individual to knowingly possess a firearm at a place that the individual knows or has reasonable cause to believe is a school zone exceeded Congress' Commerce Clause authority. The Court determined that possession of a gun in a local school zone was not an economic activity that substantially affected interstate commerce. Lopez, 514 U.S. at 559-62, 115 S. Ct. at 1630-32. In contrast to § 922(q), "'to effectuate a constitutional conviction under § 922(g)(1), . . . the government [is required] to demonstrate that the firearm possessed traveled in interstate commerce.'" United States v. Clay, 355 F.3d 1281, 1286 (11th Cir. 2004) (quoting United States v. Scott, 263 F.3d 1270, 1275 (11th Cir. 2001)).

If the Government can show at trial that the firearm Defendant possessed was manufactured outside of Georgia, this prospective showing fully satisfies the jurisdictional requirements of section 922(g)(1). At this time, it appears that the Government has set forth sufficient allegations in support of its desired prosecution of Defendant under § 922(g)(1), the felon-in-possession statute. In addition, Defendant

AO 72A
(Rev. 8/82)

has failed to establish that section 922(g)(1) exceeds Congress' power to regulate under the Commerce Clause. The undersigned declines Defendant's invitation to find in his favor by ignoring controlling Eleventh Circuit Court of Appeals' precedent.

Defendant's Motion to dismiss should be **DENIED**.

II. **Bill of Particulars**

Defendant asserts that the indictment against him is defective because the facts constituting the offenses charged in the indictment are insufficient. Defendant specifically asserts that count one fails to provide details concerning the time of day, the street address, the amount of cocaine, or other individuals who were involved. Defendant also asserts that count two does not provide details of the time of day and the specific location for the crime alleged. Defendant contends that, at the very least, a bill of particulars is warranted.

The Government asserts that it has provided liberal and extensive discovery, and Defendant cannot legitimately claim surprise at trial. The Government also asserts that it is apparent Defendant can sufficiently prepare for trial and double jeopardy concerns can be avoided.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek a bill of particulars setting forth the time, place, manner, and means of commission of the crimes alleged in the indictment. The purpose of a bill of particulars is to give notice to a defendant of the offenses charged in the indictment so that he may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006). A bill of particulars is not intended as a discovery device, nor

AO 72A
(Rev. 8/82)

"to provide a detailed disclosure of the government's evidence in advance of trial." Id. A motion for a bill of particulars is not a *carte blanche* opportunity for the defense to investigate the government's case. United States v. Thevis, 474 F. Supp. 117, 123 (S.D. Ga. 1979). The granting of a bill of particulars is a matter for the trial court's discretion. United States v. Watson, 669 F.2d 1374, 1379 n.2 (11th Cir. 1982).

This motion requires the court to undertake a two-part analysis. Thevis, 474 F. Supp. at 123. First, the request must be granted when, on its face, nondisclosure until trial will result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation. Id. If the court is unable to determine on its own whether prejudicial surprise or preclusion of defense preparation will result, the court must then balance the competing interests of the defense and the government. Id. at 124.

When there is no *prima facie* case for disclosure in a bill of particulars, "the defendant has the burden of showing. . . that nondisclosure [will] lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." Id. "[T]he defendant must show that without the requested particular his own investigation could not glean the facts or theory which preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." Id.

Defendant has failed to carry the burden entitling him to a bill of particulars. The Government has an open file discovery policy, and Defendant has been provided with a large amount of discovery, which contains information that is necessary for him to defend this case. Because the defendant has received this information through the

AO 72A
(Rev. 8/82)

extensive discovery process that is ongoing in this case, there is no need for a bill of particulars. See, e.g., United States v. Draine, 811 F.2d 1419, 1421 (11th Cir. 1987).

No prejudicial surprise or obviation of opportunities to present meaningful defense preparation will arise in the case *sub judice*. See United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986); United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)(holding specifically that generalized discovery is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill). Defendant's Motion for a Bill of Particulars is **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)