IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO.: CR213-033

MAKO LEE JONES

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Mako Jones ("Defendant") has been charged with: possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant filed a Motion to Suppress, as supplemented. The Government filed a Response. Defendant filed a Reply. The undersigned conducted a hearing on this Motion on September 24, 2013, at which time Defendant's counsel and counsel for the Government presented argument.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant's Motion for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), is **DISMISSED** as moot. (Doc. No. 21). Under Franks, if an affidavit submitted to a judicial officer in support of a request for a search warrant contains a false statement made knowingly and intentionally, or with reckless disregard for the truth, and if, stripped of that false statement, the affidavit does not establish probable cause, the

search warrant must be voided. Franks, 438 U.S. at 155-56. "In short, to prevail in a Franks challenge, [a defendant] must establish (1) that information contained in an affidavit was untrue, (2) that inclusion of the untrue information was either deliberate or in reckless disregard for the truth, and (3) that the untrue information was an essential element of the probable cause showing relied upon by the judicial officer in issuing the search warrant." O'Ferrell v. United States, 253 F.3d 1257, 1267(11th Cir. 2001) (internal citations and punctuation omitted). The Court recognizes Defendant's disagreement with the contents of Deputy Kirby's application and affidavit in support of a search warrant, but there is nothing before the Court which indicates that Deputy Kirby was untruthful, that he acted in deliberate or reckless disregard for the truth, and that Jeff Davis County Magistrate Judge Sharleen Graham relied on any untrue information as an essential element of a probable cause showing. In short, Defendant fails to present a valid Franks challenge.

I.  **Probable Cause**

Defendant asserts that the affidavit in support of the search warrant application did not contain detailed information proving the confidential informant's veracity, nor did the affidavit contain any description of the events in the mobile home during the two (2) controlled buys. Defendant alleges that there is no information which corroborates the informant's assertions that Defendant is the person who sold the drugs to the informant or that Defendant had been selling drugs for several years. Defendant contends that the affidavit does not support a probable cause finding sufficient for the issuance of a search warrant.

AO 72A
(Rev. 8/82)

The Government responds that Deputy Duane Kirby outlined the controlled buys and asserted that the confidential informant was searched for contraband before both of these controlled buys in his affidavit in support of his application for a search warrant. The Government also states that Deputy Kirby noted that the confidential informant had given accurate and truthful information concerning drug activity in the past. The Government further contends that Deputy Kirby gave verbal testimony before the issuing magistrate judge. The Government concludes that there were sufficient indicia of probable cause for the issuance of a search warrant.[1]

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grubbs, 547 U.S. 90, 95 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "Probable cause to search a residence requires some nexus between the premises and the alleged crime." United States v. Joseph, 709 F.3d 1082, 1100 (11th Cir. 2013) (internal citation omitted). "Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts" and is based on the "totality of the circumstances test." Id. (internal citations and punctuation omitted). Under this test,

---

[1] The Government asserts that Defendant may not have standing to contest this search. "To have standing to challenge a search, one must manifest a subjective expectation of privacy in the invaded area that 'society is prepared to recognize as reasonable.'" United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998) (quoting Rakas v. Illinois, 439 U.S. 128, 143 & n.12 (1978)). A person's subjective expectation must be objectively "justifiable under the circumstances." Id. (internal citation omitted). According to Defendant, he owned the trailer home at 17 Ronnie Street but did not live there or lease the trailer to any other person. This appears to be sufficient for Defendant to have standing to contest the search.

3

"the [informant's] 'veracity' and 'basis of knowledge'. . . [are] relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other." Id. at 1352-53 (quoting Gates, 462 U.S. at 233). A deficiency in one of these considerations may also be compensated for through "corroborating evidence gathered by law enforcement officials," United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995), although "independent police corroboration has never been treated as a requirement in each and every case." United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).

The following facts are set forth in the Application and Affidavit in Support of a Search Warrant. Deputy Kirby stated that he interviewed a confidential informant in February 2013, during which time Deputy Kirby learned that the confidential informant could buy marijuana from Defendant at 17 Ronnie Street in Hazlehurst, Georgia. Deputy Kirby also stated that the confidential informant described Defendant and his residence at 17 Ronnie Street in detail, and the confidential informant said that Defendant had been selling crack cocaine and marijuana from his residence for several years. Deputy Kirby declared that he and Deputy Justin Sanders met with the confidential informant on February 26, 2013, at a predetermined location in Jeff Davis County. The confidential informant was searched for contraband and was given audio equipment and official funds with which to buy marijuana. The informant went to 17 Ronnie Street and gave Defendant the official funds. Defendant gave the informant an amount of marijuana. Deputy Kirby also declared that he met with the confidential informant at an undisclosed location on March 12, 2013. The informant was searched for contraband, provided with

AO 72A
(Rev. 8/82)

audio equipment and official funds, and was instructed to buy cocaine from Defendant. Deputy Kirby stated that the informant went to Defendant's house at 17 Ronnie Street and bought cocaine from Defendant using the official funds.

Deputy Kirby declared that the confidential informant had been proven truthful and reliable and had given law enforcement officials "accurate and truthful information regarding local illegal narcotic transactions." (Doc. No. 24-2, p. 2). Deputy Kirby also declared that he went to the Jeff Davis County Magistrate Court to find out Defendant's address, which was listed as 17 Ronnie Street, and that he also received Defendant's criminal history and his driver's license.

The source offered to make controlled purchases of crack cocaine from Defendant at the mobile home at 17 Ronnie Street and did so twice. United States v. Roundtree, 299 F. App'x 905, 907 (11th Cir. 2008) (a properly executed controlled buy is sufficient, standing alone, to establish probable cause).[2] Although Deputy Kirby did not give specific details as to how this confidential informant had proven reliable or trustworthy in the past, Deputy Kirby stated that this informant had provided accurate and truthful information in the past regarding illegal narcotic transactions. United States v. Williams, 603 F.2d 1168, 1171 (5th Cir. 1979) (an informant's past reliability can establish the informant's reliability in a current investigation). In addition, Deputy Kirby conducted his own investigation of Defendant and verified his address, checked his criminal history, and obtained Defendant's driver's license. The undersigned concludes that the source's information and the reliability thereof are sufficient to establish probable cause supporting the issuance of a search warrant. The informant's reliability

---

[2] Defendant's counsel does not contest the execution of the controlled buys. The undersigned accepts that these buys were properly executed based on Deputy Kirby's affidavit.

5

and the independent corroboration by law enforcement are sufficient indicia of probable cause for a search warrant.

II.  **No Knock Provision**

Defendant asserts that the warrant officers obtained did not have a signature attached to the "no knock" provision. Defendant alleges that his Fourth Amendment rights were violated because officers entered the trailer home without any announcement (i.e., officers did not knock on the door before entry) or prior judicial authority for the "no knock" entry. As a result, Defendant contends, the evidence gathered as a result of this search should be suppressed.

A search conducted pursuant to a warrant "is valid if it is conducted reasonably" under the totality of the circumstances. United States v. Manning, 140 F. App'x 212, 217 (11th Cir. 2005) (citing United States v. Banks, 540 U.S. 31, 36 (2003)). "The Fourth Amendment incorporates the important common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry." United States v. Segura-Baltazar, 448 F.3d 1281, 1289 (11th Cir. 2006) (citing Wilson v. Arkansas, 514 U.S. 927, 934 (1995)). However, a "no-knock" entry is permissible under special circumstances. Id. "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394 (1997). In those cases where the entry into a residence is based on a knock-and-announce violation, the issue before a court is what remedy is appropriate. Hudson v.

6

Michigan, 547 U.S. 586, 590 (2006). Exclusion, or suppression, of evidence obtained in violation of the Fourth Amendment "may not be premised on the mere fact that a constitutional violation was a 'but-for' cause of obtaining evidence." Id. at 591. An illegal manner of entry is not a "but-for" cause of obtaining evidence. Id. at 592. Even if an illegal entry can be characterized as a but-for cause of discovering what was inside, the United States Supreme Court has "never held that evidence is 'fruit of the poisonous tree' simply because 'it would not have come to light but for the illegal actions of the police.'" Id. at 593 (internal citation omitted).

There is nothing before the Court indicating that officers had the judicial authority to enter 17 Ronnie Street without knocking first. There is also nothing indicating that any entry without knocking was necessary in this case even though the search yielded the recovery of a firearm, pills and powder suspected to be narcotics, and drug paraphernalia. (Doc. No. 24-1, p. 6). However, the suppression of this evidence is not warranted in this case. As discussed above, officers had a valid warrant, supported by probable cause, which allowed them to search 17 Ronnie Street. Even without any improper entry into the trailer house, officers would have recovered this evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress, as supplemented, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE